IN THE UNITED STATES DISTRICT COURT
FOR THE EASTERN DISTRICT OF VIRGINIA
Richmond Division

AEDEN KANE,                              )
                                         )
            Plaintiff,                   )
                                         )
v.                                       )  Civil Action No. 3:18-CV-746-HEH
                                         )
ANDREW M. SAUL,[1]                       )
Commissioner of Social Security,         )
                                         )
            Defendant.                   )

## MEMORANDUM OPINION
### (Adopting Report and Recommendation of the Magistrate Judge)

THIS MATTER is before the Court on a Report and Recommendation ("R&R," ECF No. 14) from then-United States Magistrate Judge David Novak filed on August 20, 2019, pursuant to 28 U.S.C. § 636(b)(1)(B). The Magistrate Judge's R&R addresses the parties' cross-motions for summary judgment (ECF Nos. 9 and 13), which Plaintiff and Defendant respectively filed on February 14, 2019 and April 1, 2019. Both Plaintiff and Defendant have objected to the R&R, and both parties have responded thereto. The Court will dispense with oral argument because the facts and legal contentions are fully developed, and argument would not aid this Court in its decisional process.

"A judge of the court shall make a de novo determination of those portions of the report or specified proposed findings or recommendations to which objection is made."

---

[1] On June 4, 2019, the United States Senate confirmed Andrew M. Saul to a six (6) year term as the Commissioner of Social Security. Pursuant to Federal Rule of Civil Procedure 25(d), Commissioner Saul will be substituted for former Acting Commissioner Nancy A. Berryhill as the defendant in this matter.

28 U.S.C. § 636(b)(1)(C); *see also* Fed. R. Civ. P. 72(b)(3); *Nichols v. Colvin*, 100 F. Supp. 3d 487, 497 (E.D. Va. 2015) ("[T]he objection requirement is designed to allow the district court to 'focus on specific issues, not the report as a whole.'" (quoting *United States v. Midgette*, 478 F.3d 616, 621 (4th Cir. 2007))). In conducting its review, this Court may accept, reject, or modify, in whole or in part, the Magistrate Judge's recommended disposition of the case. *See* 28 U.S.C. § 636(b)(1)(C); Fed. R. Civ. P. 72(b)(3).

The immediate case involves Plaintiff's application for Social Security Disability Benefits under the Social Security Act (the "Act"). In Plaintiff's application, he alleged disability from avoidant/restrictive food intake disorder, depression, anxiety and back pain, and simple partial seizures. The Social Security Administration denied Plaintiff's claim, both initially and upon reconsideration. An Administrative Law Judge ("ALJ") then denied Plaintiff's application in a written decision, finding that Plaintiff did not qualify as disabled under the Act. The ALJ followed a five-step evaluation process, pursuant to Social Security Administration regulations, in making the disability determination. *See Mascio v. Colvin*, 780 F.3d 632, 634 (4th Cir. 2015) ("[T]he ALJ asks at step one whether the claimant has been working; at step two, whether the claimant's medical impairments meet the regulations' severity and duration requirements; at step three, whether the medical impairments meet or equal an impairment listed in the regulations; at step four, whether the claimant can perform her past work given the limitations caused by her medical impairments; and at step five, whether the claimant can perform other work."); 20 C.F.R. § 404.1520(a)(4). Between steps three and four, the

ALJ assessed Plaintiff's residual functional capacity ("RFC"), which was used during the remaining steps of the evaluation process. *See* 20 C.F.R. § 404.1520(a)(4), (e); 20 C.F.R. § 404.1545(a).

Based on the five-step process and a vocational expert's testimony, the ALJ concluded that Plaintiff was not disabled within the meaning of the Act, finding at step five that Plaintiff could perform jobs existing in significant numbers in the national economy. The Appeals Counsel denied Plaintiff's request for review, making the ALJ's decision the final determination of the Commissioner. Plaintiff then sought review of the ALJ's decision in this Court.

The Magistrate Judge considered three challenges brought by Plaintiff: (1) whether the ALJ allegedly erred by assigning less-than-controlling weight to the opinions of Dr. Hadley and Dr. May; (2) whether the ALJ allegedly erred by posing a hypothetical to the vocational expert that did not adequately account for Plaintiff's impairments; and (3) whether the ALJ allegedly erred by posing a hypothetical to the vocational expert that conflicted with the *Dictionary of Occupational Titles* (DOT). The Magistrate Judge determined, with respect to the first issue, that substantial evidence supports the ALJ's assignment of weight to the opinions of the two doctors. With respect to the second issue, the Magistrate Judge found that the hypothetical posed to the vocational expert adequately accounted for Plaintiff's marked limitation in social functioning. Finally, with respect to the third issue, the Magistrate Judge determined that the ALJ failed to define "non-production oriented work setting" in her RFC assessment, which required remand to the ALJ, despite finding that there was no conflict between the DOT and the

3

limitations in the hypothetical.

Accordingly, the Magistrate Judge recommended to this Court, pursuant to 42 U.S.C. § 405(g), that Plaintiff's Motion for Summary Judgment be granted, that Defendant's Motion for Summary Judgment be denied, and that the final decision of the Commissioner be vacated and remanded. *See* 42 U.S.C. § 405(g) ("The court shall have power to enter, upon the pleadings and transcript of the record, a judgment affirming, modifying, or reversing the decision of the Commissioner of Social Security, with or without remanding the cause for a rehearing.").

On August 29, 2019, Defendant filed an Objection to the Magistrate Judge's R&R (ECF No. 15). Defendant claims that Plaintiff did not raise the argument that the ALJ erred by failing to explain the term "non-production oriented work setting," and thus the Magistrate Judge improperly considered the issue in the R&R, especially because Defendant was denied the opportunity for supplemental briefing on that issue. Accordingly, Defendant asks this Court to overrule the R&R, grant Defendant's Motion for Summary Judgment, and affirm the final decision of the Commissioner. In his Response (ECF No. 17), Plaintiff argues that the R&R is in accordance with Fourth Circuit law—precedent that was issued after the ALJ made her determination and Plaintiff filed his Complaint with this Court.[2]

On September 9, 2019, Plaintiff also filed an Objection to the R&R (ECF No. 16).

---

[2] While *Thomas* was issued just one month before Plaintiff filed his Motion for Summary Judgment, *Perry*—the case that deals directly with the term at issue—was decided after that Motion was filed. *See Perry v. Berryhill*, 765 F. App'x 869 (4th Cir. 2019) (unpublished); *Thomas v. Berryhill*, 916 F.3d 307 (4th Cir. 2019).

4

Plaintiff claims that the ALJ failed to state what opinion she was referring to when she gave "significant, but not great weight to the treating source opinion from Dr. Hadley"[3] and that the R&R inadequately addresses that issue. (*See* R. at 18.) Plaintiff further asserts that the R&R mischaracterizes his argument with respect to his contention that the ALJ failed to explain why she distinguished between Plaintiff's ability to interact with workers and supervisors and his ability to interact with the general public. Accordingly, Plaintiff requests this Court to reject the R&R and remand this case for further consideration. In response, Defendant claims that substantial evidence supports the ALJ's analyses and determinations on these issues, and thus this Court should overrule Plaintiff's objections and affirm and adopt the R&R on these points (ECF No. 18).

When reviewing the decision of an ALJ, the reviewing court "must uphold the factual findings of the [ALJ] if they are supported by substantial evidence and were reached through application of the correct legal standard." *Johnson v. Barnhart*, 434 F.3d 650, 653 (4th Cir. 2005) (alteration in original) (quoting *Mastro v. Apfel*, 270 F.3d 171, 176 (4th Cir. 2001)). When assessing "substantial evidence," the Court looks for "evidence which a reasoning mind would accept as sufficient to support a particular conclusion," which is more than "a mere scintilla of evidence but may be somewhat less than a preponderance." *Hays v. Sullivan*, 907 F.2d 1453, 1456 (4th Cir. 1990) (quoting *Laws v. Celebrezze*, 368 F.2d 640, 642 (4th Cir. 1966)); *see also Biestek v. Berryhill*, 139

---

[3] Pursuant to E.D. Va. Local Rules 5 and 7(C), the administrative record in this case remains filed under seal. In accordance with these Rules, this Court will endeavor to exclude any personal identifiers from its discussion, and will incorporate Plaintiff's medical information only to the extent necessary for proper analysis.

S. Ct. 1148, 1154 (2019) ("Under the substantial-evidence standard, a court looks to an existing administrative record and asks whether it contains 'sufficien[t] evidence' to support the agency's factual determinations." (alteration in original) (citing *Consol. Edison Co. v. NLRB*, 305 U.S. 197, 229 (1938))).

The Court cannot "reweigh conflicting evidence, make credibility determinations, or substitute [its] judgment for that of the [ALJ]." *Johnson*, 434 F.3d at 653 (second alteration in original) (quoting *Craig v. Chater*, 76 F.3d 585, 589 (4th Cir. 1996)); *see also Biestek*, 139 S. Ct. at 1156 (referring to the substantial evidence standard as "deferential"). "A factual finding by the ALJ is not binding [however] if it was reached by means of an improper standard or misapplication of the law." *Coffman v. Bowen*, 829 F.2d 514, 517 (4th Cir. 1987).

In line with this standard, having reviewed the record, Plaintiff's objections, and the Magistrate Judge's detailed R&R, this Court finds that there is substantial evidence in the record to support the ALJ's findings of fact and conclusions of law as to the arguments asserted by Plaintiff, which were properly reviewed and rejected by the Magistrate Judge. Accordingly, Plaintiff's objections will be overruled.

With respect to Defendant's objections, Defendant asserts that the Magistrate Judge improperly considered an issue that Plaintiff did not raise. In the R&R, the Magistrate Judge acknowledged this concern; however, the Magistrate Judge concluded that he could not affirm the ALJ's decision if an error existed that prevented him from conducting meaningful review. The Magistrate Judge determined that remand was necessary, relying on *Thomas v. Berryhill*, 916 F.3d 307 (4th Cir. 2019), and *Perry v.*

*Berryhill*, 765 F. App'x Cir. 869 (4th Cir. 2019), because the ALJ failed to adequately explain the meaning of "non-production oriented work setting." Defendant further asserts that the Magistrate Judge denied Defendant's request for supplemental briefing on the issue.

Whether or not Defendant was denied meaningful opportunity to brief the contested issue before the Magistrate Judge, Defendant certainly had the opportunity to brief the issue before this Court, which it did. Furthermore, this Court agrees with the Magistrate Judge that, given the Court's obligation to engage in substantial evidence review, it cannot affirm the final decision of the Commissioner if an error exists that prevents this Court from conducting a meaningful review of the agency's decision. *See Radford v. Colvin*, 734 F.3d 288, 295 (4th Cir. 2013) ("A necessary predicate to engaging in substantial evidence review is a record of the basis for the ALJ's ruling. . . . If the reviewing court has no way of evaluating the basis for the ALJ's decision, then the proper course, except in rare circumstances, is to remand to the agency for additional investigation or explanation." (internal citations and quotations omitted)); *Perry*, 765 F. App'x at 871–72 ("For this court to meaningfully review an ALJ's [RFC] assessment, the ALJ must include a narrative discussion describing how the evidence supports each conclusion. . . . Otherwise, we are left to guess about how the ALJ arrived at his conclusions and, as a result, cannot meaningfully review them." (internal citations and quotations omitted)).

After Plaintiff filed his Motion for Summary Judgment in this Court, the United States Court of Appeals for the Fourth Circuit issued an unpublished opinion dealing

7

directly with the same term the Magistrate Judge took issue with in this case. *See Perry*, 765 F. App'x at 871–73. The facts of *Perry* track the facts of this case. In *Perry*, the ALJ concluded, with respect to the plaintiff's RFC assessment, that he "had the mental capacity to perform only unskilled work in a non-production oriented work setting." *Id.* at 871 (internal citations and quotations omitted). Based on that assessment, and the testimony of a vocational expert, the ALJ determined that the plaintiff was not disabled because he could perform other jobs that existed in the national economy. *See id.*

The Fourth Circuit in *Perry* remanded the case for additional administrative proceedings because it could not conduct a meaningful review of the ALJ's determination based on her failure to explain "non-production oriented work setting" and because the term "has no established regulatory definition." *Id.* at 870, 873. The court determined that without any sufficient explanation of the term, it "remain[ed] uncertain as to what the ALJ intended and [could not] meaningfully assess whether there [was] a logical bridge between the evidence in the record and the ALJ's conclusion." *Id.* at 872 (internal citations and quotations omitted). Accordingly, "[b]ecause the ALJ's failure to explain the meaning of 'non-production oriented work setting' require[d] [the court] 'to guess about how she arrived at her conclusions,' and [left it] 'uncertain as to what she intended,'" the court concluded that the ALJ's RCF assessment was "lacking in the analysis needed for [the court] to review meaningfully her conclusions." *Id.* at 873 (quoting *Mascio*, 780 F.3d at 636–37).

The Fourth Circuit in *Perry* further distinguished that case from *Sizemore v. Berryhill*, in which the court had found that the ALJ adequately explained "non-

8

production jobs" because the ALJ provided additional context and descriptors that allowed the court to conduct meaningful review. *See id.* at 872 n.1 (citing *Sizemore v. Berryhill*, 878 F.3d 72, 80–81 (4th Cir. 2017)). However, unlike the assessment made in *Sizemore*, the assessment at issue in *Perry* failed to provide sufficient supporting context that would allow the court to affirm the ALJ's determination. *See id.*

The Fourth Circuit in *Perry* relied on a recent published decision by the court in *Thomas*, dealing with similar terms in the RFC—"requiring a production rate or demand pace"—that also proved problematic. *Thomas*, 916 F.3d at 310, 312. The Fourth Circuit articulated that "a proper RFC analysis has three components: (1) evidence, (2) logical explanation, and (3) conclusion. The second component, the ALJ's logical explanation, is just as important as the other two. . . . [M]eaningful review is frustrated when an ALJ goes straight from listing evidence to stating a conclusion." *Id.* at 311 (citation omitted). Because the ALJ did not give the court "enough information to understand what those terms mean," it was "difficult, if not impossible, for [the court] to assess whether their inclusion in [the plaintiff's] RFC [was] supported by substantial evidence." *Id.* at 312. Accordingly, combined with other "missteps" in the RFC evaluation, the court was unable to conduct a meaningful review, requiring remand of the case. *See id.* at 312.

Like the RFC assessment made in *Perry*, the ALJ determined in this case that Plaintiff

> has the residual functional capacity to perform light work as defined in 20 CFR 404.1567(b) except he must be able to alternate between sitting and standing in place every one-half hours; . . . he can perform unskilled work with [a specific vocational preparation] of no more than 2 in a non-production oriented work setting with no interaction with the public and no

9

more than occasional interaction with co-workers and supervisors.

(R. at 15.) The Magistrate Judge concluded, relying on *Perry* and *Thomas*, that it could not conduct a meaningful review of the ALJ's assessment because the ALJ did not explain the term "non-production oriented work setting" in her hypothetical to the vocational expert or in her opinion.

Guided by the Fourth Circuit's recent opinions in *Perry* and *Thomas*, this Court agrees with the Magistrate Judge that it cannot meaningfully review the decision of the ALJ without an explanation of "non-production oriented work setting" and how it influenced the ALJ's decision in denying disability benefits to Plaintiff. *See Perry*, 765 F. App'x at 873; *see also Thomas*, 916 F.3d at 312–13. Furthermore, like the Magistrate Judge, this Court finds that the further limitations included by the ALJ in Plaintiff's RFC assessment do not provide sufficient context or explanation for this production-related limitation to "explain the restriction intended by the ALJ, and [allow the Court] to evaluate whether that restriction adequately accounted for the claimant's limitations." *See Perry*, 765 F. App'x at 872 n.1 (citing *Sizemore*, 878 F.3d at 81); *see also Travis X. C. v. Saul*, No. GJH-18-1210, 2019 WL 4597897, at *5 (D. Md. Sept. 20, 2019); *Mark H. v. Comm'r*, No. CCB-18-1693, 2019 WL 2298807, at *2 (D. Md. May 30, 2019), *report and recommendation adopted*, 2019 WL 3545519 (D. Md. June 20, 2019). *Contra Sizemore*, 878 F.3d at 79–81; *Nelson v. Saul*, 4:18-CV-163-D, 2019 WL 4748028, at *4–5 (E.D.N.C. Aug. 29, 2019), *memorandum and recommendation adopted*, 2019 WL 4747048 (E.D.N.C. Sept. 27, 2019); *Ross v. Berryhill*, 1:17CV1145, 2019 WL 1430129, at *1 (M.D.N.C. Mar. 29, 2019).

Therefore, the Court agrees with the Magistrate Judge that the ALJ erred in formulating Plaintiff's RFC assessment by failing to sufficiently explain the term "non-production oriented work setting." Accordingly, Defendant's objections will also be overruled.

For these reasons, the Court HEREBY ACCEPTS and ADOPTS the Magistrate Judge's R&R. Plaintiff's Motion for Summary Judgment is GRANTED IN PART, to the extent he seeks remand of his claim, and Defendant's Motion for Summary Judgment is DENIED. The final decision of the Commissioner is VACATED and REMANDED for further proceedings consistent with the R&R and the Opinion of this Court, pursuant to the fourth sentence of 42 U.S.C. § 405(g).

An appropriate Order will accompany this Memorandum Opinion.

/s/
Henry E. Hudson
Senior United States District Judge

Date: Jan. 10, 2020
Richmond, VA